## United States District Court
## District of Minnesota

| | |
|---|---|
| Jennifer N. Marah, | Court file no. _____ |
| Plaintiff, | |
| v. | **Complaint** |
| Stellar Recovery Inc., | **JURY TRIAL DEMANDED** |
| Defendant(s). | |

### Jurisdiction

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

## Parties

4.      Plaintiff Jennifer N. Marah is a natural person who resides in Hugo, County of Washington, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant Stellar Recovery, Inc. (hereinafter "Defendant SRI") is a collection agency operating from a corporate office address of 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216, with a Minnesota agent of process of Business Filings, Inc., 100 S 5th Street, #1075, Minneapolis, MN 55402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

6.      In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal payday loan debt with Ace Cash Express, Inc., in the approximate amount of $358.79.

7.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8.    Plaintiff has never directly given Defendant prior consent to communicate, in connection with the collection of any debt, with any person other than herself.

9.    Upon information and belief, Defendant has never had express permission of a court of competent jurisdiction to communicate with third parties in connection with the collection of any debt

10.   Upon information and belief, Defendant has never secured a judgment against Plaintiff.

11.   Upon information and believe Defendant has never obtained a postjudgment judicial remedy in connection with this debt.

### *February 15, 2013 Collection Letter*

12.   On or about February 15, 2013, Defendant SRI, contacted Plaintiff by letter in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13.   Defendant SRI's letter referenced Ace Cash Express, Inc. as the alleged original creditor.

14.   The letter also identified the alleged current creditor as National Credit Adjusters.

15.   In response to the collection letter, Plaintiff sent a letter to Defendant SRI
      on or about February 27, 2013.

16.   In her letter, Plaintiff requested that Defendant SRI stop contacting her
      cellular phone number and work phone number.

17.   Plaintiff also requested that all written correspondence should be sent to a
      specific address.

### Defendant Continues to Call Plaintiff's Workplace

18.   After Plaintiff sent the above-described letter to Defendant, requesting that
      they cease contacting her work phone number, Plaintiff continued to
      receive phone calls from Defendant at her workplace.

19.   The calls described below are a sample of the some of the calls that
      Plaintiff received at her workplace from Defendant SRI.

20.   On or about March 4, 2013, Defendant SRI contacted Plaintiff's workplace
      by telephone in an effort to collect this debt, which was a
      "communication" in an attempt to collect a debt as that term is defined by
      15 U.S.C. § 1692a(2).

21.   On or about July 22, 2013, Defendant SRI contacted Plaintiff's workplace
      by telephone in an effort to collect this debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22.    As part of the July 22, 2013, phone call, Defendant SRI left an automated message on Plaintiff's work voicemail, identifying itself as Defendant SRI, and indicating it was attempting to collect a debt, or words to that effect.

23.    On or about July 25, 2013, Defendant SRI's collector Bernecia Womack contacted Plaintiff's workplace again by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24.    Defendant SRI's collector Bernecia Womack called Plaintiff's work number, which she had previously requested that Defendant SRI stop calling.

25.    Plaintiff answered the call and asked Defendant SRI's collector what they were calling about, or words to that effect.

26.    Defendant SRI's collector stated she was calling about a debt with Ace Cash Express, or words to that effect.

27.    Plaintiff explained that she had previously sent a letter requesting Defendant SRI to cease contacting her at her work phone number, or words to that effect.

28.    Sometime thereafter, the call ended.

29.    The above-described collection communications, along with the additional

phone calls to Plaintiff's work phone number, were made in violation of

numerous and multiple provisions of the FDCPA, including but not

limited to 15 U.S.C. §§ 1692c(a)(1), 1692e, and 1692e(10), amongst others.

*Summary*

30.    All of the above-described collection communications made to Plaintiff by

these individual Defendants and other collection employees employed by

Defendant SRI, were made in violation of numerous and multiple

provisions of the FDCPA, including but not limited to all of the provisions

of the FDCPA cited herein.

31.    The above-detailed conduct by the Defendant in its efforts to collect this

alleged debt were in violation of numerous and multiple provisions of the

FDCPA, including but not limited to all of the above mentioned provisions

of the FDCPA.

32.    Plaintiff has suffered actual damages as a result of Defendant's illegal

conduct in the form of anger, anxiety, and frustration, amongst other

negative emotions.

33.    Defendant's illegal abusive collection communications as more fully

described above were the direct and proximate cause of emotional distress

on the part of the Plaintiff.

## Respondeat Superior Liability

34.    The acts and omissions of these individual Defendants, and the other debt

collectors employed as agents by Defendant SRI who communicated with

Plaintiff as more further described herein, were committed within the time

and space limits of their agency relationship with their principal,

Defendant SRI.

35.    The acts and omissions by these individual Defendants and these other

debt collectors were incidental to, or of the same general nature as, the

responsibilities these agents were authorized to perform by Defendant SRI

in collecting consumer debts.

36.    By committing these acts and omissions against Plaintiff, these individual

Defendants and these other debt collectors were motivated to benefit their

principal, Defendant SRI.

37.    Defendant SRI is therefore liable to Plaintiff through the Doctrine of

Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA in their

attempts to collect this debt from Plaintiff.

## Trial by Jury

38.   Plaintiff is entitled to and hereby respectfully demand a trial by jury.

US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

39.   Plaintiff incorporates the foregoing paragraphs as though fully stated

herein.

40.   The foregoing intentional and negligent acts and omissions of Defendant

constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the

FDCPA, 15 U.S.C. §§ 1692–1692p.

41.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be

  determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. §

  1692k(a)(3); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: <u>February 13, 2014</u>          <u>*s/Randall P. Ryder*</u>
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

**Attorney for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA      )
                            ) ss
COUNTY OF HENNEPIN      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jennifer N. Marah, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.      I am a Plaintiff in this civil proceeding.
2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 2-12-14

Jennifer N. Marah